UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GALVEZ-MONDRAGON, | No. 1:26-cv-04801-DAD-CKD (HC) |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, | (Doc. Nos. 1, 9) |
| Respondent. | |

On June 23, 2026, petitioner, Mario Galvez-Mondragon, an immigration detainee proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, which included a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration custody. (Doc. No. 1.) On June 26, 2026, the court set a briefing schedule and directed respondent to indicate in its opposition whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 7.) In the same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in its opposition and provide substantive reasons in support of that position. (*Id.*)

/////

1

On June 30, 2026, respondent filed a motion to dismiss the habeas petition.  (Doc. No. 9.) In its motion to dismiss, respondent states it does not oppose the court also ruling on petitioner's *habeas* petition based on the current briefing (*Id.* at 1), and the court will do so.

Respondent states that petitioner is detained pursuant to 8 U.S.C. § 1226(a), but, nonetheless, argues that the *habeas* petition and request for a TRO should be denied because petitioner has received all of the process he was due under § 1226(a).  (Doc. No. 9 at 4-6.) Respondent further argues that petitioner has failed to exhaust his administrative remedies.  (*Id.* at 4-5.)

The facts of this case are as follows.  Petitioner is a citizen of Mexico who entered the United States via a B-2 visa on November 15, 2019.  (Doc. No. 9 at 3.)  He then remained in this country overstaying his visa.  On or about December 8, 2025, during a targeted raid by ICE officers in Los Angeles, California, petitioner was arrested and placed into immigration detention where he remains to this day.  (Doc. No. 9 at 3.)  Petitioner received a bond hearing on April 30, 2026, at which the immigration judge ("IJ") denied bond finding petitioner to be a flight risk and that he had no viable sponsor.  (Doc. No. 9-3 at 1.)  Petitioner has appealed that decision to the Board of  Immigration Appeals ("BIA").  (Doc. No. 9-4.)

Petitioner argues that his initial detention violated the Due Process Clause of the Fifth Amendment because he was detained without adequate due process.  (Doc. No. 1 at 6.) Respondent argues petitioner was given the proper due process considering the bond hearing he received.  (Doc. No. 9 at 4.)  The court finds respondent's argument in this regard to be unpersuasive.  *See Lucena-Oieda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty.") (citation omitted). Further, the evidence before the court indicates that petitioner was not arrested pursuant to a warrant, and respondent has offered no argument justifying his arrest without one.  Respondent does include petitioner's I-213 form, dated the day of his arrest, and includes information that petitioner purportedly gave to immigration officers after he was taken into custody.  (Doc. No. 9-

2

1).  Further, respondent also includes a copy of a warrant dated the day of petitioner's arrest (Doc. No. 9-2), but it appears to be a warrant created after petitioner's arrest on the day in question. Given these circumstances, the record does not show that petitioner was arrested pursuant to a warrant aside from exhibits that were filed the same day as petitioner was arrested on what the court must presume constitutes an administrative warrant created after the fact.  *See Florida v. United States*, 660 F. Supp. 3d 1239, 1277 (N.D. Fla. 2023) (concluding that § 1226(a) is not satisfied where the government adds an administrative warrant into the detainee's file after arresting the detainee); *see also Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under [§] 1226(a) . . ..  As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under [§] 1226(a).") (emphasis in original).

The government's actions here violate the requirements of § 1226(a).  The proper remedy under the present circumstances is to order petitioner's immediate release from respondent's custody.  *See A.E.R.T. v. Wofford*. No. 1:25-cv-01824-KES-SKO (HC), 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) ("When the government detained petitioner, it also did not comply with the terms of 8 U.S.C. § 1226(a), and there is no evidence in the record that petitioner was arrested pursuant to a warrant as required by § 1226(a).  Petitioner's immediate release is the appropriate remedy.") (citation and footnote omitted).

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.     Respondent is ORDERED to immediately release petitioner, Mario Galvez-Mondragon, A-File No. 246-057-164, from respondent's custody on the conditions, if any, he was subject to prior to his detention on or about December 8, 2025;

    b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge,

at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a), and its implementing regulations;

2. Petitioner's request for a temporary restraining order in his *habeas* petition is DENIED as having been rendered moot in light of this order granting his *habeas corpus* petition on the merits;

3. Respondent's motion to dismiss (Doc. No. 9) is DENIED in light of the court's granting of petitioner's *habeas* petition;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Correctional Center; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 9, 2026**   _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4